## J. CARRION & COMPANY S. EN C., Bankrupts.

San Juan, Bankruptcy, No. 208.

SERVICE OF SILENT PARTNER.

Bankruptcy—Special Partner.

> The practice in bankruptcy is for the nonassenting partner to be served as in the case of an involuntary proceeding. This applies also to a silent partner in the partnership known in Porto Rico as sociedad en comandita.

Opinion filed March 20, 1918.

---

*Mr. H. G. Molina* for Carrion & Company.

*Mr. J. R. F. Savage* for Juan Garbia.

HAMILTON, Judge, delivered the following opinion:

The petition in bankruptcy in this case was filed January 28, 1918, and under an order by the court the limited partner Juan

Re Carrion & Co.

Garcia was served with the usual subpœna. Garcia on February 15 appears specially and prays that service of process be quashed inasmuch as no copy of the petition in bankruptcy was served upon him.

The question raised is whether, in a voluntary proceeding in bankruptcy by the general partners, it is necessary to serve a copy of the petition upon the special partner.

The partnership common in Porto Rico and known as sociedad en comandita is in principle not unknown in the United States, but is much less frequent there. It might be said that the large majority of houses in business in Porto Rico are of this character, while in the states business is generally carried on not by partnerships, but by corporations. Under § 5 of the Bankruptcy Act a partnership may be adjudicated a bankrupt. If all the partners petition the proceeding prior to adjudication is identical with the individual petition. When some, but not all, of the partners file a voluntary petition, the proceeding is voluntary as to the petitioners, but involuntary as to the partners who after notice do not join. Rule 8 of the rules prescribed by the Supreme Court provides that "any member of a partnership who refuses to join in a petition to have the partnership declared bankrupt shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law and by these rules in the case of a debtor petitioned against." [172 U. S. 656, 43 L. ed. 1190, 18 Sup. Ct. Rep. v.] Under § 18 (a), "upon the filing of a petition for involuntary bankruptcy, service thereof with a writ of subpœna shall be made upon the person therein named

as defendant."    [30 Stat. at L. 551, chap. 541, Comp. Stat. 1916, § 9602.]    The subpœna to the alleged bankrupt is given in form No. 5, and is substantially the same as that followed in this case.

The practice in this court has been, and is, to serve a copy of the petition, whether there is involved a general or a special partnership. No reason is perceived why this practice should be changed. If it was a question open to doubt, the doubt has been resolved by the practice of this court for years. Moreover, it would seem to be a proper practice, as it furnishes the party to be affected with all the facts of the case in which he is to appear. Indeed it is more the subpœna as to which there would be a doubt than the petition, for the form of the subpœna has to be changed in cases of special partnership, such as the one at bar, so as not to require the nonjoining partner individually to resist adjudication as a bankrupt. The provisions of the law as to individual schedules and the like, however, are obviously inapplicable; for the nonjoining special partner at most loses his investment, and is not otherwise affected personally.

It would seem the better practice, therefore, to have the petition served upon the nonjoining partner, special or general, but there is no reason why the defect cannot be supplied afterwards. The subpœna has been served and the petition may be added. The form of the order, therefore, should be that the service will be quashed unless the petitioners within ten days also have service made upon **Juan Garcia** of a copy of the petition in bankruptcy.

It is so ordered.